**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 C 1303 |
| | ) | |
| ANGEL CARTER-EPPS | ) | Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Petitioner Angel Carter-Epps pleaded guilty to two counts of use of a telephone to facilitate a narcotics distribution in violation 21 U.S.C. § 843(b). As part of her plea agreement with the government, Carter-Epps agreed to the factual basis of her plea, the applicable sentencing guidelines calculations, and a full waiver of her appellate rights. Pursuant to the plea agreement, this court sentenced Petitioner to 52 months in prison. Petitioner filed a timely motion to correct her sentence according to 28 U.S.C. § 2255 and argued for a recalculation of her guideline offense level without the enhancement for distribution near a public housing facility, *see* U.S.S.G. § 201(a)(1). For the reasons set forth below, the petition is dismissed.

## FACTUAL BACKGROUND

The facts relevant to this motion are undisputed. On August 21, 2003, a grand jury returned a second superceding indictment against Petitioner and other defendants for conspiring to distribute and to possess with intent to distribute narcotics at a public housing facility. (Government's Response to Motion Pursuant to 28 U.S.C. § 2255 (hereinafter "Gov't Response"), at 1.) On August 26, 2003, Petitioner pleaded guilty to a superceding information which reduced the charges against her to two counts of violating 21 U.S.C. § 843(b) by using a phone to further the drug trafficking conspiracy. (*Id.*) As noted, Petitioner's plea agreement acknowledged the factual basis for her plea, including her involvement with the narcotics distribution conspiracy; confirmed the applicable sentencing guidelines calculations; and included a full waiver of appellate rights. (*Id.*) The agreement contemplated an adjusted offense level of 26 and criminal history category of III, yielding a guideline range of 78-97 months. The agreement explicitly stated that the sentencing guidelines

calculations included were preliminary. (*Id.* at 2.) Prior to the sentencing hearing, the United States Probation Office submitted a Pre-Sentence Report ("PSR") that concurred with the plea agreement. (*Id.*) On February 28, 2005, this court held a sentencing hearing and accepted the findings of the PSR. (*Id.*) Pursuant to the plea agreement, the government moved for a sentencing reduction to two-thirds of the low end of the applicable guidelines range, which this court granted and, accordingly, sentenced Petitioner to 52 months (⅔ of 78) in the Bureau of Prisons. (*Id.* at 2-3.)

On February 22, 2006, Petitioner submitted this petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[1] (*Id.*) Specifically, Petitioner argues that her offense level should not have been enhanced according to 2D1.2(a)(1). (Motion to Correct, Vacate, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (hereinafter "Motion").) Petitioner notes that the "Offense Conduct" section of the PSR states that she "did not engage in the selling of narcotics and provided limited assistance to the conspiracy," and that her actions were "among the least culpable" of those in the group of defendants indicted together in this case. (*Id.*) Petitioner urges that her lack of knowledge and understanding of the activities of her co-defendants renders her ineligible for the two-level enhancement pursuant to 2D1.2(a)(1). (*Id.*)

Defendant has served just over a year of her 52-month sentence, and has a projected release date of September 27, 2008. (Motion ¶ 2.)

## DISCUSSION

In her § 2255 Motion, Petitioner seeks resentencing on the ground that she had no knowledge of the activities of her co-defendants and therefore was not subject to the § 2D1.2(a)(1) offense level enhancement. Petitioner also requests that "any *Blakely v. Washington* issues that

---

[1] Clerk filed Petitioner's motion on March 9, 2006, beyond the one-year time limit on filing. (*Id.*; Petitioner's Response to Court's Order Stating Why § 2255 Motion Should Not Be Dismissed as Untimely (hereinafter "Pet. Response").) This court initially rejected Petitioner's § 2255 motion as untimely due to the late filing date, but reinstated the motion because Petitioner is incarcerated and her motion was mailed in a timely fashion.

apply to her case be considered as well."

As the government notes in its response to Petitioner's Motion, Petitioner explicitly waived her right to appeal her sentence as well as her right to collaterally attack her sentence through a § 2255 motion; the agreement Petitioner signed included this language:

> [T]he defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Gov't Response, at 3.) Established Seventh Circuit case law states that a voluntary and knowing waiver of an appeal is valid and must be enforced. *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995). Not even a sentence unanticipated by the plea agreement provides a basis for relief from the terms of the agreement. *Id.* at 282. Appellate and § 2255 waivers identical to those included in Petitioner's plea agreement are enforceable. *United States v. Bownes*, 405 F.3d 634, 636. (7th Cir. 2005). Having explicitly waived her right to appeal in her plea agreement, Petitioner also agreed to the factual basis for her plea, including the details of her assistance to the narcotic distribution conspiracy. She waived any argument that the facts of her involvement should not qualify her for a sentence enhancement.

Finally, the court notes that the sentence imposed here is identical to the one anticipated based on preliminary sentencing calculations in the plea agreement. The court, therefore, need not address the government's argument, based upon *United States v. Lopez*, 430 F.3d 854 (7th Cir. 2005), where the Seventh Circuit enforced an appeal waiver even where the court had imposed a sentence greater than anticipated in the plea agreement.

**CONCLUSION**

Petitioner waived her right to dispute the factual basis for her plea agreement as well as her right to appeal or collaterally attack her imposed sentence. The plain language of her plea agreement explicitly bars the present § 2255 motion. For these reasons, this court denies Petitioner's Motion to Correct, Vacate, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255.

ENTER:

Dated: September 5, 2006

_____
REBECCA R. PALLMEYER
United States District Judge